UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Quintin M. Littlejohn**, ) | C/A No. 6:06-3155-RBH-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| **State of South Carolina**; and ) | |
| **Harold Crocker**, Director of Cherokee ) | |
| County Detention Center, ) | |
| ) | |
| Respondents. ) | |

# *Background of this Case*

The petitioner is a pre-trial detainee at the Cherokee County Detention Center, which is located in Gaffney, South Carolina. The petition in the above-captioned habeas corpus action was docketed on November 7, 2006. In an order (Entry No. 3) filed in this case on November 7, 2006, the undersigned directed the petitioner to answer Special Interrogatories and to submit a motion to proceed *in forma pauperis*. The petitioner has done so.

1

The petitioner's Answers to the Court's Special Interrogatories (Entry No. 5) reveal that he has been charged with possession of crack cocaine.[1] According to the petitioner's Answers to the Court's Special Interrogatories (Questions 1 and 2), the criminal case is pending in a municipal court and in the Court of General Sessions for Cherokee County.  The petitioner, however, indicates, in his answers to Question 3, that a trial has been held and that he has been sentenced.  The petitioner's answers to Question 5 indicate that his direct appeal is pending and that he has also filed a petition for habeas corpus with the trial court.

The *pro se* petitioner is under an order of pre-filing review. *See* Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[2]  The petitioner was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee

---

[1] The petitioner's Answers to the Court's Special Interrogatories are written in pencil. In the preparation of this Report and Recommendation, the undersigned has referred to the actual documents submitted by the petitioner.

[2] The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in Quintin Littlejohn v. William J. Clinton, President of the United States, Civil Action No. 6:98-1169-13AK.  Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the petitioner's pleadings for docket control purposes.

County. Prior to his current incarceration, the petitioner resided in Gaffney, South Carolina.[3]

# *Discussion*

Under established local procedure in this judicial district, a careful review[4] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989);

---

[3]*See* pleadings in Quintin Littlejohn v. David Edwards Toyota; Mark Edwards; and All Agents in Active Concert, Civil Action No. 7:06-1012-RBH-WMC.  This court may take judicial notice of Civil Action No. 7:06-1012-RBH-WMC. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

[4]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

3

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[5] This court is required to construe *pro se* complaints, petitions, and pleadings liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Section 2241 petition in the above-

---

[5] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 140 L.Ed.2d 529, 118 S.Ct. 1352, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); Schandelmeier v. Cunningham, 819 F.2d 52, 53, 1986 U.S. App. LEXIS® 36955 (3rd Cir. 1986)(exhaustion required under § 2241).

Since the petitioner's Answers to the Court's Special Interrogatories (Entry No. 5) reveal that he has been convicted, it is now readily apparent

that the petitioner's claims are claims under 28 U.S.C. § 2254, not 28 U.S.C. § 2241. This court's exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 139 L.Ed.2d 57, 118 S.Ct. 102, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

The petitioner is currently awaiting a decision on his pending direct appeal. A direct appeal in a criminal case is a remedy available under South Carolina law. State v. Ard, 332 S.C. 370, 505 S.E.2d 328, 1998 S.C.

6

LEXIS® 136 (1998).[6]  It is well settled that a direct appeal is a viable state court remedy.  Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). In any event, it is clear that the petitioner has not exhausted his "direct appeal" claims because the direct appeal is pending.

In order to exhaust his or her non-direct appeal claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160.  The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal.  Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(citing S.C. Code Ann. § 17-27-20(a)(1), (b); and Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975)).  "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review."  Gibson v. State, supra, 329 S.C. at 42, 495 S.E.2d at 428.  The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented

---

[6]Unrelated portions of the holding in State v. Ard have been superannuated by later case law.

to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); and State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).[7]

With respect to any claims of ineffective assistance of counsel, the petitioner can file an application for post-conviction relief.  *See* § 17-27-10, *et seq.*, South Carolina Code of Laws; Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).

In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's

---

[7]Where a habeas petitioner has failed to exhaust his or her state remedies and the state court would now find his or her claims procedurally barred, further exhaustion is not required.  *See* Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 1991 U.S. LEXIS® 3640 (1991); Breard v. Pruett, 134 F.3d 615, 619, 1998 U.S.App. LEXIS® 892 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, supra, 105 F.3d at 916 (quoting Coleman v. Thompson, supra, 501 U.S. at 750).  This standard has been referred to as a "demanding burden." Townes v. Murray, 68 F.3d 840, 847, 1995 U.S.App. LEXIS® 30789 (4th Cir. 1995).

unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra, 466 at 687-694.  The second prong of the Strickland test is often called the "prejudice" component.  *See also* Williams v. Taylor, 529 U.S. 362, 146 L.E.2d 389, 120 S.Ct. 1495, 2000 U.S. LEXIS® 2837 (2000).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland v. Washington, supra, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference.  *See* Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); Williams v. Taylor, supra (standard under Anti-Terrorism and Effective Death Penalty Act); and James v. Harrison, 389 F.3d 450, 452-457, 2004 U.S.App. LEXIS® 23962 (4th Cir. 2004)(applying Williams v. Taylor standard), *cert. denied*, 544 U.S. 1005, 161 L.Ed.2d 782, 125 S.Ct. 1945, 2005 U.S. LEXIS® 3626 (2005).  Hence, if the petitioner intends to raise any claims relating to ineffective assistance of counsel, findings of fact by a South Carolina court

are necessary before the petitioner can seek federal review of his conviction in a § 2254 proceeding.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case.  See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).  In fact, if a Court of Common Pleas denies an application for post-conviction relief or dismisses the application for post-conviction relief, the applicant *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default.  See Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).[8]  South Carolina prisoners have been successful on such appeals in their

---

[8]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina.  *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005) Shearhouse Advanced Sheet # 19.

post-conviction cases.  *See*, *e.g.*, Riddle v. Ozmint, 369 S.C. 39, 631 S.E.2d 70, 2006 S.C. LEXIS® 177 (2006); Stevens v. State, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221(2005); and Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy.  *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

The petitioner should be mindful that the General Assembly has enacted limitations periods for post-conviction cases.  *See* 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws; Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); and Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996).  *Cf.* Leamon v. State, 363 S.C. 432, 611 S.E.2d 494, 2005 S.C. LEXIS® 97(2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45); and Green v. State, 353 S.C. 29, 30, 576 S.E.2d 182, 183, 2003 S.C. LEXIS® 19 (2003)(the filing

of a federal § 2254 petition does not toll the one-year limitations period of § 17-27-45, South Carolina Code of Laws).[9]

Since the petitioner has yet to exhaust at least three (3) viable state court remedies — his pending direct appeal, an application for post-conviction relief, and, if necessary, an appeal in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies.  *See* Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."  *See also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); and Lawson v. Dixon, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

---

[9]In any event, the filing of a federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254.  Duncan v. Walker, 533 U.S. 167, 150 L.Ed.2d 251, 121 S.Ct. 2120, 2001 U.S. LEXIS® 4493 (2001).

# *Recommendation*

Accordingly, it is recommended that the above-captioned habeas corpus action be dismissed *without prejudice* and *without requiring the respondents to file a return* because the petitioner has not exhausted his state court remedies. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  In light of this Report and Recommendation, it is also

13

recommended that the petitioner's motion to vacate (Entry No. 6) be **denied**.

The petitioner's attention is directed to the notice on the next page.


November 17, 2006               s/William M. Catoe
Greenville, South Carolina      United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
# The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
