UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | C/A No. 6:06-3155-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| State of South Carolina; | ) | |
| and Harold Crocker, Director of Cherokee | ) | |
| County Detention Center; | ) | |
| | ) | |
| Respondents. | ) | |
| ———————————————— | ) | |

Petitioner, proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2254. Petitioner filed his petition on November 7, 2006. Petitioner is currently housed at the Cherokee County Detention Center. His case is either pending trial on charges of possession of crack cocaine, or he has been sentenced and has filed a direct appeal.[1] Regardless, he has failed to exhaust his state court remedies.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate William M. Catoe filed November 17, 2006. Based on his review of the record, the Magistrate Judge concluded that the case be dismissed *without prejudice* and without requiring the respondents to file a return on the basis that the petitioner has not exhausted his state court remedies.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court.

---

[1] Petitioner's responses to the Special Interrogatories propounded by the Magistrate Judge are contradictory.

1

Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

On November 27, 2006, the petitioner filed a document entitled "Motion to Vacate Judgment". No objections have been filed.

The Court finds that this filing by the petitioner does not constitute proper objections to the Report and Recommendation. His document fails to adequately direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the petitioner's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules

2

of Civil Procedure.[2]

To the extent this document is viewed as objections to the Report and Recommendation, the Court will attempt to glean the petitioner's argument. He possibly attempts to assert that exhaustion of state remedies is not required in a habeas corpus proceeding. This argument lacks merit. See Braden v. 30th Jud. Cir. Ct., 410 U.S. 484 (1973).

After carefully reviewing the Report, documents filed by the petitioner, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules the petitioner's objection. Therefore, the complaint is **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED.**

November 30, 2006                          s/R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

---

[2]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which <u>specific</u> written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3